IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DENYS DAVYDOV,  :
    Petitioner :
: No. 1:19-cv-2110
v. :
: (Judge Kane)
CLAIR DOLL, :
    Respondent :

## MEMORANDUM

On December 12, 2019, pro se Petitioner Denys Davydov ("Petitioner"), who is currently confined at the York County Prison, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Following an Order to show cause (Doc. No. 5), Respondent filed a response, contending that Petitioner's detention is lawful (Doc. No. 7). Petitioner filed a traverse on February 3, 2020. (Doc. No. 8.) Accordingly, Petitioner's § 2241 petition is ripe for disposition.

## I. BACKGROUND

Petitioner is a citizen and native of the Ukraine who was admitted to the United States on June 7, 1996, as a non-immigrant visitor for pleasure. (Doc. No. 7-1 at 5.) On January 9, 1998, he adjusted his status to that of a lawful permanent resident, and on February 27, 2001, conditions to his status were removed. (Id.) Subsequently, Petitioner amassed several convictions, including: (1) driving while impaired on March 26, 2007; (2) theft of less than $100.00 on June 25, 2011; (3) driving while intoxicated on July 27, 2008; (4) criminal possession of a controlled substance (7th degree) on March 19, 2013; and (5) criminal possession of a controlled substance (5th degree) on April 28, 2014. (Id. at 6.)

On May 13, 2015, ICE issued a Notice to Appear, charging Petitioner with being removable pursuant to § 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA") because he was convicted of violating a law relating to a controlled substance after being admitted to the United States. (Id. at 10.) On May 27, 2015, ICE also charged Petitioner with being removable pursuant to § 237(a)(2)(A)(iii) of the INA because he had been convicted of an aggravated felony. (Id. at 12.) On September 29, 2015, an immigration judge ordered Petitioner removed to the Ukraine. (Id. at 14.) On December 9, 2015, an immigration judge released Petitioner from custody pursuant to a $10,000.00 bond. (Id. at 15.) On June 14, 2016, Petitioner's plea related to his April 28, 2014 drug conviction was vacated, and on July 15, 2016, he was sentenced to one (1) year incarceration. (Id. at 6.) On September 16, 2016, the Board of Immigration Appeals ("BIA") granted Petitioner's motion to reopen his proceedings so that Petitioner could apply for cancellation of removal based upon the fact that his aggravated felony conviction had been vacated on constitutional grounds. (Id. at 18.) On October 20, 2016, ICE released Petitioner from custody pursuant to a $10,000.00 bond. (Id. at 20-21.) On October 13 and November 14, 2016, Petitioner filed an application for cancellation of removal. (Id. at 24.)

On March 23, 2018, Petitioner was convicted of fraud with identification documents in the United States District Court for the Southern District of New York. (Id. at 4.) He was sentenced to eighteen (18) months' incarceration. (Id.) ICE encountered Petitioner at the Moshannon Valley Correctional Center on December 3, 2018, while he was serving that sentence. (Id.) On December 3, 2018, ICE charged Petitioner with being removable pursuant to § 237(a)(2)(A)(iii) because he had been convicted of an aggravated felony related to commercial bribery, counterfeiting, or forgery. (Id. at 24.) On December 19, 2018, Petitioner was transferred to ICE custody after completing his federal sentence. (Id. at 40.)

On March 27, 2019, Petitioner filed an updated application for cancellation of removal. (Id. at 24.) On April 11, 2019, he appeared before an immigration judge for a merits hearing. (Id.) On April 25, 2019, Petitioner indicated that he wished to file additional applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). (Id.) On June 17, 2019, Petitioner appeared for a merits hearing regarding all applications for relief. (Id.) On July 30, 2019, the immigration judge denied all of Petitioner's applications and ordered him removed to the Ukraine. (Id. at 16.) Petitioner appealed to the BIA, and on November 21, 2019, the BIA granted Petitioner's request for an extension of the briefing schedule until December 20, 2019. (Id. at 43.) On November 18, 2019, an immigration judge denied Petitioner's motion for a bond redetermination, noting that there was no jurisdiction. (Id. at 43.) According to the automated immigration court's information system,[1] Petitioner's appeal to the BIA was dismissed on January 31, 2020. Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 12, 2019. (Doc. No. 1.) On February 13, 2020, Petitioner filed a petition for review with the United States Court of Appeals for the Third Circuit. See Davydov v. Att'y Gen., No. 20-1324 (3d Cir.) (Doc. No. 1). That same day, the Third Circuit directed the Executive Office of Immigration Review to file the administrative record on or before March 30, 2020. See id. (Doc. No. 2). On February 21, 2020, Petitioner filed a supplemental petition for review and a motion to stay his removal. See id. (Doc. Nos. 4, 5). That same day, the Third Circuit temporarily granted Petitioner's motion for stay of removal in accordance with their August 5, 2015 standing order. See id. (Doc. No. 8). As of the date of

---

[1] The phone number for this system is 1-800-898-7180. See https://www.justice.gov/eoir/customer-service-initiatives.

3

this Memorandum and Order, Petitioner's motion for stay of removal and petition for review are pending before the Third Circuit.

## II. LEGAL STANDARD

Under 8 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989). Because Petitioner is currently detained within the jurisdiction of this Court and asserts that his continued detention violates due process, this Court has jurisdiction over his § 2241 petition. See Zadvydas v. Davis, 533 U.S. 678, 699 (2001); Spencer v. Kemna, 523 U.S. 1, 7 (1998).

## III. DISCUSSION

In the instant case, the parties do not dispute that Petitioner is currently detained pursuant to 8 U.S.C. § 1226(c), which provides for pre-removal mandatory detention of individuals previously convicted of certain criminal offenses. See 8 U.S.C. § 1226(c); see also Orozco Arroyo v. Doll, No. 4:19-cv-490, 2019 WL 6173753, at *4-5 (M.D. Pa. Oct. 10, 2019), report and recommendation adopted, 2019 WL 6130483 (M.D. Pa. Nov. 19, 2019) (noting that the Third Circuit's grant of a temporary stay of removal causes an immigration detainee to revert to pre-removal immigration detention status because the order of removal is not administratively final); Carlos A. v. Green, No. 18-741 (SDW), 2018 WL 3492150, at *2 n.1 (D.N.J. July 20, 2018); Chica-Iglesia v. Lowe, No. 1:18-cv-35, 2018 WL 1960438, at *1 (M.D. Pa. Apr. 25, 2018); Gekara v. Lowe, No. 3:17-cv-1693, 2018 WL 837599, at *2 (M.D. Pa. Feb. 12, 2018); Payano v. Lowe, No. 3:16-cv-2029, 2016 WL 6995433, at *2 (M.D. Pa. Nov. 30, 2016); cf. Leslie v. Att'y Gen., 678 F.3d 265, 270 (3d Cir. 2012) (noting that "[8 U.S.C.] § 1321 cannot explain nor authorize detention during a stay of removal pending further judicial review"),

abrogated in part on other grounds by Jennings v. Rodriguez, 138 S. Ct. 830 (2018). An individual detained under § 1226(c) may be released only if the Attorney General decides that release is necessary to protect a witness and that the individual is not a flight risk and does not pose a danger to society. See id. § 1226(c)(2). Thus, "section 1226(c) does not give the Attorney General any authority to release these [individuals] on bond." See Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 473 (3d Cir. 2015) (citing Demore v. Kim, 538 U.S. 510, 521 (2003)), abrogated in part on other grounds by Jennings, 138 S. Ct. 830.

Previously, the Third Circuit "read Demore as also recognizing that there are limits to" the Government's authority to detain individuals under § 1226(c) without an opportunity to be considered for bond. See Chavez-Alvarez, 783 F.3d at 473 (citing Diop v. ICE/Homeland Sec., 656 F.3d 221, 233 (3d Cir. 2011); Leslie, 678 F.3d 265). Specifically, the Third Circuit recognized that the Demore Court based its ruling upon the short, fixed, and finite term of pre-removal detention. See id. at 474. Thus, in Chavez-Alvarez, the Third Circuit "read a reasonable time limit into the statute, relying on the Court's earlier decision in Diop, which employed the doctrine of constitutional avoidance to come to this conclusion." See Coello-Udiel v. Doll, No. 3:17-CV-1414, 2018 WL 2198720, at *3 (M.D. Pa. May 14, 2018) (citing Chavez-Alvarez, 783 F.3d at 475; Diop, 656 F.3d at 231). The court noted that the point at which a detained individual's liberties outweigh the interests advanced by detention pursuant under § 1226(c) occurs after the six-month time frame considered in Demore and before the individual has been detained for one year. See Chavez-Alvarez, 783 F.3d at 478.

The Supreme Court, however, has explicitly rejected the practice of reading an implicit time limit into § 1226(c). See Jennings, 138 S. Ct. at 846-47. In Jennings, the Supreme Court overruled the Ninth Circuit's conclusion that "§ 1226(c)'s mandatory [detention] language must

5

be construed to contain an implicit reasonable time limitation." See <u>Rodriguez v. Robbins</u>, 804 F.3d 1060, 1079 (9th Cir. 2015) (internal quotations omitted). In its opinion, the <u>Jennings</u> Court noted:

> [Section] 1226(c) does not on its face limit the length of the detention it authorizes. In fact, by allowing aliens to be released "only if" the Attorney General decides that certain conditions are met, § 1226(c) reinforces the conclusion that [individuals] detained under its authority are not entitled to be released under any circumstances other than those expressly recognized by the statute. And together with § 1226(a), § 1226(c) makes clear that detention of aliens within its scope <u>must</u> continue "pending a decision on whether the alien is to be removed from the United States." § 1226(a).
>
> In a reprise of their interpretation of § 1225(b), respondents argue, and the [Ninth Circuit] held, that § 1226(c) should be interpreted to include an implicit 6-month time limit on the length of mandatory detention. Once again, that interpretation falls far short of a "plausible statutory construction."
>
> In defense of their statutory reading, respondents first argue that § 1226(c)'s "silence" as to the length of detention "cannot be construed to authorize prolonged mandatory detention, because Congress must use 'clearer terms' to authorize 'long-term detention.'" . . . . But § 1226(c) is <u>not</u> "silent" as to the length of detention. It mandates detention "pending a decision on whether the alien is to be removed from the United States," § 1226(a), and it expressly prohibits release from that detention except for narrow, witness-protection purposes. Even if courts were permitted to fashion 6-month time limits out of statutory silence, they certainly may not transmute existing statutory language into its polar opposite. The constitutional-avoidance canon does not countenance such textual alchemy.
> . . .
> Respondents next contend that § 1226(c)'s limited authorization for witness-protection purposes does not imply that other forms of release are forbidden, but this argument defies the statutory text. By expressly stating that the covered aliens may be released "only if" certain conditions are met, 8 U.S.C. § 1226(c)(2), the statute expressly and unequivocally imposes an affirmative <u>prohibition</u> on releasing detained aliens under any other conditions.
> . . .
> We hold that § 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings "only if" the [individual] is released for witness protection purposes.

<u>Jennings</u>, 138 S. Ct. at 846-47. Thus, to the extent that the Third Circuit's holdings in <u>Diop</u> and <u>Chavez-Alvarez</u> were grounded in the canon of constitutional avoidance, those holdings do not

survive the Supreme Court's decision in Jennings. See Guerrero-Sanchez v. Warden York Cty. Prison, 905 F.3d 208, 222 & n.11 (3d Cir. 2018).

Jennings, however, "did not call into question [the] constitutional holding in Diop that detention under § 1226(c) may violate due process if unreasonably long." See Borbot v. Warden Hudson Cty. Corr. Facility, 906 F.3d 274, 278 (3d Cir. 2018). Accordingly, "only an individualized as applied constitutional challenge to [§ 1226(c)] remains for Petitioner and those in similar circumstances." See Dryden v. Green, 321 F. Supp. 3d 496, 501-02 (D.N.J. 2018). In Dryden, the court explained that:

> Although the Third Circuit's ultimate rulings in Diop and Chavez-Alvarez have been abrogated by Jennings, and those two cases are no longer binding upon this Court, it does not follow that those two cases should be ignored. The constitutional reasoning that underlay the Third Circuit's invocation of the constitutional avoidance canon still provides some persuasive guidance as to how this Court should address § 1226(c) claims. Specifically, the Court accepts that the "constitutionality of [detention pursuant to § 1226(c) without a bond hearing] is a function of the length of the detention [and the] constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past [certain] thresholds." Chavez-Alvarez, 783 F.3d at 474 (quoting Diop, 656 F.3d at 232, 234). This Court likewise is mindful that "any determination on unreasonableness [must be] highly fact specific" and that "at a certain point—which may differ case by case[]—the burden to an alien's liberty outweighs" the Government's interest in detention without bond," id. at 474-75, and that detention which is so unreasonable as to amount to an arbitrary deprivation of liberty cannot comport with the requirements of the Due Process Clause. Id. at 474; see also Demore, 538 U.S. at 432, 123 S. Ct. 1513 (Kennedy, J., concurring). Because, however, Jennings foreclosed the constitutional avoidance basis provided by the Third Circuit in its determination that detention will normally become suspect between six months and a year, and because Jennings leaves open only the question of whether § 1226(c) is unconstitutional as applied to the petitioner, it is insufficient that Petitioner's detention has merely become suspect by reaching this six-month to a year threshold, in order for Petitioner to be entitled to release he must show that his ongoing detention is so unreasonable or arbitrary that it has actually violated his rights under the Due Process Clause. If Petitioner's detention has not become so unreasonable or arbitrary that continued application of the statute is unconstitutional as applied to Petitioner, § 1226(c) authorizes his continued detention until a final order of removal is entered and Petitioner would not be entitled to relief. Jennings, 138 S. Ct. at 846-47.

Id. at 502. Thus, "courts now use a case-by-case approach, post-Jennings, to determine whether a § 2241 habeas petitioner has demonstrated that his prolonged mandatory detention under § 1226(c) is unconstitutional as applied to him." See Vega v. Doll, No. 3:17-1440, 2018 WL 3756755, at *3 (M.D. Pa. Aug. 8, 2018). In making this determination, this Court has set forth the following four (4) factors to be considered: "(1) whether detention has continued beyond the average times necessary for completion of removal proceedings which were identified in Demore; (2) the probable extent of future removal proceedings; (3) the likelihood that removal proceedings will actually result in removal; and (4) the conduct of both the alien and the government during the removal proceedings." See Hernandez v. Sabol, 823 F. Supp. 2d 266, 273 (M.D. Pa. 2011).

The "most important" factor is the first factor, the duration of detention already experienced by the petitioner. See Sajous v. Decker, No. 18-cv-2447 (AJN), 2018 WL 2357266, at *11 (S.D.N.Y. May 23, 2018). In the instant case, Petitioner has been detained since December 19, 2018, for over fourteen (14) months. Recent decisions from this Court as well as other courts within the Third Circuit suggest that the length of Petitioner's detention weighs in favor of granting his § 2241 petition. See Malcolm A.H. v. Green, 403 F. Supp. 3d 398, 402 (D.N.J. 2019) (concluding that an alien who had been detained "for 14-plus months" was entitled to a bond hearing); Bah v. Doll, No. 3:18-cv-1409, 2018 WL 6733959, at *7-8 (M.D. Pa. Oct. 16, 2018) (concluding same), report and recommendation adopted, 2019 WL 5829668 (M.D. Pa. Nov. 7, 2018); Pratt v. Doll, No. 3:17-cv-1020, 2018 WL 1965287, at * 2-3 (M.D. Pa. Apr. 26, 2018) (concluding same); see also Orozco Arroyo, 2019 WL 6173753, at *7 (concluding that an alien who had been detained for more than sixteen (16) months was entitled to a bond hearing); Kleinauskaite v. Doll, No. 4:17-cv-2176, 2018 WL 6112482, at *12 (M.D. Pa. Oct. 9, 2018)

(concluding that an alien who had been detained for more than sixteen (16) months was entitled to a bond hearing), report and recommendation adopted, 2018 WL 6079544 (M.D. Pa. Nov. 21, 2018).  But see Santos v. Lowe, No. 1:18-cv-1553, 2019 WL 1468313, at *3-4 (M.D. Pa. Apr. 3, 2019) (concluding that an alien who had been detained for fifteen (15) months was not entitled to a bond hearing); Crooks v. Lowe, No. 1:18-cv-47, 2018 WL 6649945, at *2 (M.D. Pa. Dec. 19, 2018) (denying a bond hearing to a petitioner who had been detained for eighteen (18) months because "his case ha[d] proceeded through the removal process at a reasonable pace and there [was] no indication on the record that the government ha[d] improperly or unreasonably delayed the proceedings"); Rosales v. Lowe, No. 1:18-cv-1302, 2018 WL 6650304, at *3 (M.D. Pa. Dec. 19, 2018) (concluding that a petitioner who had been detained for less than fifteen (15) months was not entitled to a bond hearing); Fernandez v. Lowe, No. 3:17-cv-2301, 2018 WL 3584697, at *5 (M.D. Pa. July 26, 2018) (concluding that fifteen (15)-month detention was not unconstitutional because the alien's proceedings had "proceeded at a reasonable pace").

With respect to the second factor, the probable extent of future removal proceedings, all that the Court can conclude with certainty is that "additional delay of an undefined duration will continue to accrue pending a ruling by the [C]ourt of [A]ppeals, and any further administrative proceedings that may be necessary following that appellate court decision."  See Bah, 2018 WL 6733959, at *8.  As noted supra, the Third Circuit directed the Executive Office of Immigration Review to file the administrative record on or before March 30, 2020.  See Davydov v. Att'y Gen., No. 20-1324 (3d Cir.) (Doc. No. 2).  A review of the Third Circuit's docket indicates that the Government's response to Petitioner's motion to stay removal is due on March 2, 2020.  See id.  A briefing schedule regarding his petition for review, however, has yet to be entered.  At this time, the Court simply cannot determine how long Petitioner's petition for review and motion to

stay removal will be pending before the Third Circuit. However, because the administrative record is not due until March 30, 2020, Petitioner will remain detained for, at a minimum, an additional month.

The third factor requires the Court to consider the "likelihood that removal proceedings will actually result in removal." See Hernandez, 823 F. Supp. 2d at 273. As it pertains to the instant case, this factor is also "unknowable at this time." See Bah, 2018 WL 6733959, at *8. The Court notes, however, that Respondent has not conclusively shown that Petitioner's petition is so utterly frivolous or lacking in merit such that the Court can rely upon this factor to deny habeas corpus relief to Petitioner at this time. Finally, the Court must consider the conduct of both Petitioner and the Government during removal proceedings. See Hernandez, 823 F. Supp. 2d at 273. While the record reflects that some delay occurred when Petitioner requested an extension of the briefing schedule from the BIA (Doc. No. 7-1 at 43), the Court cannot find that Petitioner has acted in bad faith during removal proceedings. Rather, Petitioner is exercising his right to pursue a defense to his removal by seeking judicial review of the denial of his request for cancellation of removal. See Bah, 2018 WL 6733959, at *8; Sajous, 2018 WL 2357266, at *11. Thus, "given that a variety of due process considerations must be evaluated by the Court, the absence of an improper delay is not ultimately determinative of the instant constitutional analysis." See Vega v. Doll, No. 3:17-cv-1440, 2018 WL 3765431, at *11 (M.D. Pa. July 11, 2018), report and recommendation adopted, 2018 WL 3756755 (M.D. Pa. Aug. 8, 2018).

In sum, both the duration of Petitioner's detention to date and the prospect of an additional undefined period of further detention weigh in favor of granting Petitioner's § 2241 petition. The third and fourth factors discussed above warrant little weight in the Court's evaluation. However, taking these four (4) factors into consideration, the Court concludes that

Petitioner has made a sufficient showing to justify relief in the form of an individualized bond hearing. Accordingly, the Court will grant Petitioner's § 2241 petition and direct that he receive an individualized bond hearing before an immigration judge. See Bah, 2018 WL 6733959, at *8 (noting that the Third Circuit has "suggested that, in many instances, this initial bond determination can, and should, be made by the Immigration Judge, applying the constitutional benchmarks outlined by the courts").

## IV. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be granted and the Court will direct that Petitioner receive an individualized bond hearing before an immigration judge. An appropriate Order follows.